# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE ANDREW BELL, | CASE NO: 1:12-cv-00349-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AS BARRED BY RES JUDICATA, AND FOR RULE 11(b)(3) VIOLATION |
| v. | |
| KELLY HARRINGTON, et al., | |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Procedural Background

On August 28, 2009, Horace Andrew Bell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action as a petition for writ of habeas corpus, 28 U.S.C. § 2254. Doc. 1. On August 11, 2010, the Court dismissed Plaintiff's petition and ordered Plaintiff to file an amended petition for writ of habeas corpus, or a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 7. On August 23, 2010, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 8. On October 21, 2010, the Court dismissed Plaintiff's civil rights complaint with leave to amend. Doc. 10. On November 3, 2010, Plaintiff filed a first amended complaint, pursuant to 42 U.S.C. § 1983. Doc. 13. On April 15, 2011, the Court directed service of Plaintiff's first amended complaint, finding a cognizable claim against Defendants M.D. Biter, Chief Deputy Warden, Curtiss Lawless, Associate Warden, T. Kurz, C. Brubaker, A. Romero, X. Cano, Lt. Doran, and Sgt. Flippo. Doc. 14. On March 8, 2012, the United States District Court, for the Eastern District of California, Sacramento Division, transferred this action to the United States District Court for the Eastern

District of California, Fresno Division[1] since the allegations in the complaint took place at Kern Valley State Prison.[2] Doc. 42. Upon transfer to the Fresno division, the parties had four (4) discovery motions pending that were filed in November 2011 and December 2011. Docs. 33, 35, 36, 38. In addition, this action has already been pending since 2009. These factors prompted the Court to review the status of Plaintiff's case.

## II. Plaintiff's First Amended Complaint Fails to State a Claim

### A. Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must

---

[1] The prior case number was 2:09-cv-02426 JAM-EFB (PC).

[2] Plaintiff is now incarcerated at California Substance Abuse Treatment Facility, Corcoran.

demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

### B. Allegations in Plaintiff's Case

On August 28, 2009, Horace Andrew Bell ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this action as a writ of habeas corpus, 28 U.S.C. § 2254, alleging discrimination based on disability and loss of his work assignment in the dining hall due to placement in administrative segregation against Defendant Kelly Harrington, Warden. Pet. at 1 & 10, Doc. 1. Plaintiff attached an administrative segregation unit placement notice dated September 5, 2007. *Id.* at 12. The notice stated as follows:

> On September 5, 2007, you are being placed into ASU pending investigation of threats on staff on Facility A. Therefore, your presence in general population presents a threat to the safety and security of the institution, staff, other inmates, and your safety. You may remain in ASU pending administrative review to determine appropriate housing and program needs. As a result of this placement, your custody level, privilege group, visiting status, and credit earning status are subject to change.

*Id.* at 12. On August 23, 2010, Plaintiff filed a complaint, pursuant to 42 U.S.C. § 1983, naming Defendants Kelly Harrington, Warden, M.D. Biter, Chief Deputy Warden, Curtiss Lawless, Associate Warden, X. Cano, Lt. Doran, and Sgt. Flippo. Compl. at 1-3, Doc. 8. On November 3, 2010, Plaintiff filed a first amended complaint, pursuant to 42 U.S.C. § 1983, naming Defendants Kelly Harrington, Warden, M.D. Biter, Chief Deputy Warden, Curtiss Lawless, Associate Warden, T. Kurz, C. Brubaker, A. Romero, X. Cano, Lt. Doran, and Sgt. Flippo. Am. Compl. at 1-3, Doc. 13. In Plaintiff's first amended complaint, he attached an ADA request regarding his work assignment dated June 17, 2008. *Id.* at 13. On the request form, K. Doran, Lt., made the following findings:

> Inmate Bell claims he is being denied a job in dining due to his disability (DPW). Bell was assigned in dining from May 18, 2007 through September 7, 2007. He lost his job when he went to administrative segregation. When he got out of Ad-Seg and was assigned a job, the only thing available was a dorm porter position. He remained in that job from November 17, 2007 through December 5, 2007, when he was reassigned as a recreation aide . . . Inmate Bell

has not been denied a dining position due to his DPW status. He has been assigned to available jobs based on institutional needs.

*Id.* at 13. In Plaintiff first amended complaint, he attached a director's level appeal decision dated September 11, 2008. *Id.* at 10. The decision states that Plaintiff filed a staff complaint against Lt. Doran, for discrimination based on Plaintiff's disability. *Id.* The decision states that Plaintiff lost his job in the dining hall when he was sent to administrative segregation. *Id.* The Director found that there were no dining room positions available after Plaintiff was released from Ad-Seg. *Id.* For relief, Plaintiff seeks injunctive relief to return to his assignment in dining and stop discrimination, lost wages, and punitive and monetary damages. *Id.* at 3.

## C. Equal Protection Discrimination

Plaintiff does not have a right to a job or program opportunities in prison. *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1995). However, Plaintiff does have a constitutional right to be free from unlawful discrimination. With respect to the type of discrimination at issue here, the Equal Protection Clause of the Fourteenth Amendment may be invoked only where similarly situated individuals are being intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Therefore, Plaintiff may only invoke the Equal Protection Clause where similarly situated individuals are being intentionally treated differently without a rational relationship to a legitimate state purpose.

In Plaintiff's original petition for habeas relief; Plaintiff's civil rights complaint; or Plaintiff's first amended complaint, Plaintiff does not allege that Defendants selected a non-disabled inmate for a position in the dining room instead of Plaintiff. The director's response to Plaintiff's inmate appeals simply stated that there were no positions available. For these reasons, Plaintiff's equal protection claim fails.

> [Plaintiff] simply alleges that he was racially discriminated against as regards his confinement to administrative segregation and his request for a kitchen work assignment. In order to establish a claim for an equal protection violation pursuant to the Fourteenth Amendment, plaintiff must show that he was accorded treatment invidiously

> dissimilar from that accorded to other inmates, with no rational basis existing for the difference in treatment. *Wishon v. Gammon*, 978 F.2d. 446, 450 (8th Cir. 1992); *Flittie v. Solem*, 827 F.2d. 276 (8th Cir. 1987). Plaintiff has failed to demonstrate in any way that he has been accorded treatment invidiously dissimilar from that accorded to other similarly situated inmates.

*Tooley v. Boyd*, 936 F. Supp. 685 (E.D. Mo. 1996). Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Equal Protection.

### III. Res Judicata

### A. Legal Standard

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Claim preclusion (res judicata) pertains to "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . ." *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised or could have been raised' in a previous lawsuit."). "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in re-litigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

1    The doctrine of res judicata is applicable to section 1983 actions. *Clark v. Yosemite Comm'y College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986) (noting that there is no exception to the rules of issue and claim preclusion for federal civil rights actions brought under 42 U.S.C. § 1983). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

### B. Analysis

Upon review of the complaint, the Court finds that this action is substantively identical to three (3) previously decided cases.

On August 6, 2008, Plaintiff filed *Horace A. Bell v. A. Hedgpeth*, 1:10-cv-00695-LJO-JLT, which was dismissed, on June 4, 2010, for failure to state a claim. The Ninth Circuit denied Plaintiff's request for certificate of appealability, *Bell v. Hedgpeth*, No. 10-16329 (9th Cir. June 29, 2010).

On February 17, 2009, Plaintiff filed *In re: Horace Bell*, in the Superior Court of California for Kern County, Case No. 11024A, which was denied on April 8, 2009, for failure to state a claim.

On June 30, 2009, Plaintiff filed *Horace Bell v. G. Flippo, et al.*, 1:09-cv-02114-LJO-SMS, which was dismissed, with prejudice, on January 6, 2010, for failure to state a claim. The Ninth Circuit denied Plaintiff's motion for in forma pauperis on appeal because it found his appeal to be frivolous, *Bell v. Flippo*, No. 10-15186 (9th Cir. Apr. 16, 2010).

### 1. Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these

criteria is the most important." *Id.* at 1202.

### a. Plaintiff's Allegations in the Previously Decided Cases

Prior to filing the complaint in the instant case, on August 6, 2008, Plaintiff filed *Horace A. Bell v. A. Hedgpeth*, 1:10-cv-00695-LJO-JLT. In that action, Plaintiff alleged a writ of mandamus against A. Hedgpeth, Warden, for discrimination based on disability under the ADA. Pet. at 32-33, 37-40, 43-44, Doc. 1. Plaintiff also attached staff complaints alleging he has not received daily showers in administrative segregation, as required by his disability. *Id.* at 45-47. On January 14, 2010, Plaintiff filed an amended habeas petition,[3] alleging cruel and unusual punishment and ADA discrimination. Am. Pet. at 6, Doc. 8.

On February 17, 2009, Plaintiff filed *In re: Horace Bell*, in the Superior Court of California for Kern County, Case Number 11024A. *See Bell v. Harrington*, 1:12-cv-00349-LJO-GBC, Pet. at 20, Doc. 1. In Plaintiff's petition in the instant case, Plaintiff attached an order dated April 8, 2009, from Superior Court of California for Kern County, which denied his petition for writ of habeas corpus for discrimination based on disability and loss of his work assignment in the dining hall due to placement in administrative segregation. *Id.* at 20. The Court found that:

> His claims of discrimination are conclusory and without factual foundation . . . *People v. Duvall*, 9 Cal. 4th 464, 474 (1995); *People v Karris*, 46 Cal. 3d 612, 656 (1988). Every able bodied inmate is required to perform assigned work consonant with the needs of the institution. Cal. Code Regs. tit. 15, § 3040(a). He lost no privilege status due to conduct, but work assignments are based upon available funding, job performance, seniority and conduct. Cal. Code Regs. tit. 15, § 3040(k). If there are no available positions in the dining room, the Department of Corrections cannot place petitioner there. On the basis of the foregoing, the petition for writ of habeas corpus is accordingly denied, since petitioner fails to state a prima facie case for relief. *People v. Romero*, 8 Cal. 4th 728, 737 (1994).

*Id.* at 20.

Finally, on June 30, 2009, Plaintiff filed *Horace Bell v. G. Flippo*, 1:09-cv-02114-LJO-SMS. In that action, Plaintiff alleged claims against T. Kurtz, N. Grannis, A. Hedgpeth, C. Smith, G. Flippo, and N. Dill for being illegally placed in administrative segregation due to discrimination. Compl. at 1-3, 9-10, Doc. 8. Plaintiff also alleged cruel and unusual punishment and denial of equal

---

[3] Plaintiff also filed the instant case as a petition for writ of habeas corpus. Doc. 1.

protection. *Id.* at 13. For relief, Plaintiff sought punitive and compensatory damages. *Id.* at 5 & 13. In Plaintiff complaint, he attached a director's level appeal decision dated June 26, 2007. *Id.* at 51. The decision stated that Plaintiff filed a staff complaint for discrimination based on his disability under the ADA. *Id.* Plaintiff also attached a director's level appeal decision dated May 11, 2009. *Id.* at 23. The decision states that Plaintiff filed a staff complaint against Sgt. Flippo for discrimination based on Plaintiff's handicap disability. *Id.* at 23 & 26-27, 30. Plaintiff attached the same administrative segregation unit placement notice dated September 5, 2007, *id.* at 50, which Plaintiff also submitted in the instant case. *See Bell v. Harrington*, 1:12-cv-00349-LJO-GBC, Pet. at 12, Doc. 1.

### b. Legal Standard for Res Judicata as to Alternate Legal Theories

Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). "Claim preclusion [ res judicata ] refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1. Claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980); *Lester v. NBC*, 217 F.2d 399, 400 (9th Cir.1954), *cert. denied*, 348 U.S. 954 (1955) ("a judgment's finality applies to facts which might have been pleaded with reference to the same event as well as to those actually pleaded"); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066 (1976) (res judicata bars "assertion of every legal theory . . . that might have been raised" in first action); *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) ("res judicata preclusion extends only to claims that arise out of the same 'cause of action' asserted in the prior action").

A § 1983 cause of action may be dismissed as barred by res judicata if a prior court judgment constituted a valid judgment on the merits. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986). Asserting a new legal theory for recovery in a subsequent action does not give rise to a new cause of action; "[e]ven where there are multiple legal theories upon which recovery might

1  be predicated, one injury gives rise to only one claim of relief." *Id.* at 851.

2        Res judicata bars not only every claim that was raised in the prior court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief, and a plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applies where single core of operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).

**c. Plaintiff's Claims Arise from the Same Transactional Nucleus of Facts as his Prior Case**

      In the instant case, Plaintiff's claims arise from the same transactional nucleus of facts as his prior cases of *Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*. In the instant case and the prior cases, Plaintiff alleges discrimination based on disability under the ADA, related to his placement in administrative segregation. *See Bell v. Hedgpeth*, 1:10-cv-00695-LJO-JLT, Pet. at 32-33, 37-40, 43-47, Doc. 1; Am. Pet. at 6, Doc. 8; *see also In re: Horace Bell*, in the Superior Court of California for Kern County, Case Number 11024A, (Order attached in *Bell v. Harrington*, 1:12-cv-00349-LJO-GBC, Pet. at 20, Doc. 1); *Horace Bell v. G. Flippo*, 1:09-cv-02114-LJO-SMS, Compl. at 1-3, 9-10, 13, 23 & 26-27, 30, 51, Doc. 8. In particular, in *Bell v. Flippo*, Plaintiff attached the same administrative segregation unit placement notice dated September 5, 2007, *id.* at 50, which Plaintiff also submitted in the instant case. *See Bell v. Harrington*, 1:12-cv-00349-LJO-GBC, Pet. at 12, Doc. 1.

Plaintiff's complaint in the instant case arises from the same transactional nucleus of facts as his prior cases, i.e., discrimination based on disability under the ADA, related to his placement in administrative segregation. Therefore, the claims in the instant case are barred by res judicata.

### 2. Final Judgment on the Merits

On June 4, 2010, the Court dismissed Plaintiff's petition for habeas corpus, for failure to state a claim. *See Bell v. Hedgpeth*, 1:10-cv-00695-LJO-JLT, Doc. 20. The Ninth Circuit denied Plaintiff's request for certificate of appealability, *Bell v. Hedgpeth*, No. 10-16329 (9th Cir. June 29, 2010).

On April 8, 2009, the Court denied Plaintiff's petition for habeas corpus, for failure to state a claim. *See In re: Horace Bell*, in the Superior Court of California for Kern County, Case Number 11024A, (Order attached in *Bell v. Harrington*, 1:12-cv-00349-LJO-GBC, Pet. at 20, Doc. 1).

On January 6, 2010, the Court dismissed Plaintiff's complaint, with prejudice, for failure to state a claim. *See Bell v. Flippo*, 1:09-cv-02114-LJO-SMS, Doc. 11. The Ninth Circuit denied Plaintiff's motion for in forma pauperis on appeal because it found his appeal to be frivolous, *Bell v. Flippo*, No. 10-15186 (9th Cir. Apr. 16, 2010).

The Court concludes that the instant case, *Horace Andrew Bell v. Kelly Harrington, et al.*, 1:12-cv-00349-LJO-GBC, stems from the claims which were previously litigated in *Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)." *Stewart*, 297 F.3d at 957.

### 3. Privity Between Parties

The named Defendants in the instant case, Kelly Harrington, Warden, M.D. Biter, Chief Deputy Warden, Curtiss Lawless, Associate Warden, T. Kurz, C. Brubaker, A. Romero, X. Cano, Lt. Doran, and Sgt. Flippo, are in privity with the named Defendants in the prior cases, A. Hedgpeth, Warden, T. Kurtz, N. Grannis, C. Smith, G. Flippo, and N. Dill, as the Defendants in all cases are employees of Kern Valley State Prison. *See Nordhorn*, 9 F.3d at 1405; *see also Sunshine Anthracite Coal Co.*, 310 U.S. at 402-03; *Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007).

**IV. Rule 11(b)(3)**

In violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff falsely states in his complaint that he has only had two previous or pending lawsuits in addition to the instant case. Compl. at 1, Doc. 8. Rule 11(b)(3) states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(3).

Contrary to Plaintiff's representation in his complaint, Plaintiff has filed at least thirteen other civil suits prior to the filing of this action.[4] Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (*per curiam*) (*pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11). A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

The Court finds that the current case, *Horace Andrew Bell v. Kelly Harrington, et al.*,

---

[4] *Thomas aka Bell v. Johnson*, 2:94-cv-01497-JMI-RC (W.D. Cal.) (dismissed with prejudice); *Thomas aka Bell v. Barrett*, 2:94-cv-02264-JMI-SH (W.D. Cal.) (dismissed for failure to prosecute); *Thomas aka Bell v. Trusdel*, 2:94-cv-07575-UA (W.D. Cal.) (Court denied IFP); *Bell v. McKay*, 2:95-cv-05570-REC-HGB (E.D. Cal.) (dismissed without prejudice); *Bell v. Alonzo*, 2:95-cv-02130-GEB-JFM (E.D. Cal.) (granted Defendant's motion for summary judgment); *Bell v. Braggs*, 2:95-cv-02195-EJG-JFM (E.D. Cal.) (dismissed without prejudice); *Bell v. Scicluna*, 2:95-cv-02217-LKK-JFM (E.D. Cal.) (dismissed with prejudice); *Bell v. Bischoff*, 2:95-cv-02322-LKK-GGH (E.D. Cal.) (granted Defendants' motion for summary judgment); *Bell v. Glidewell*, 2:96-cv-00684-EJG-JFM (E.D. Cal.) (granted Defendants' motion for summary judgment); *Bell v. Dillard*, 4:98-cv-01641 (N.D. Cal.) (Court denied IFP); *Bell v. Adams*, 1:04-cv-06234-REC-WMW (E.D. Cal.) (dismissed without prejudice to file appropriate civil rights action); *Bell v. Hedgpeth*, 4:08-cv-03770-CW (N.D. Cal.) (filed as writ of mandamus; transferred to the Eastern District as Case No. 1:10-cv-00695-LJO-JLT); and *Bell v. Flippo*, 1:09-cv-02114-LJO-SMS (E.D. Cal.) (dismissed, with prejudice).

1:12-cv-00349-LJO-GBC, is barred by *res judicata* and is merely duplicative of the previously dismissed suits for failure to state a claim (*Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*). Thus, this action is also frivolous. *See Cato*, 70 F.3d at 1105 n.2. As Plaintiff is proceeding *in forma pauperis*, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismissal of the case. *See Anheuser-Busch, Inc.*, 69 F.3d at 348; *see also Warren*, 29 F.3d at 1389.

## V. Conclusion

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court recommends that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

The Court finds that the claims in the previously decided cases of *Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*, and the instant case of *Bell v. Harrington*, involve the same transactional nucleus of facts against the same Defendants in privity, alleging discrimination based on disability under the ADA, related to his placement in administrative segregation. Therefore, the Court hereby RECOMMENDS that this action be DISMISSED, with prejudice, as barred by res judicata and duplicative of *Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*.

The Court finds that the current case, *Bell v. Harrington*, is barred by res judicata and merely duplicative of the previously dismissed suits for failure to state a claim (*Bell v. Hedgpeth*, *In re: Horace Bell*, and *Horace Bell v. G. Flippo*). Thus, this action is also frivolous. *See Cato*, 70 F.3d at 1105 n.2. Therefore, the Court hereby RECOMMENDS that this action be DISMISSED, for Rule 11(b)(3) violation.

//

//

## VI. Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; as barred by res judicata; and for Rule 11(b)(3) violation; and

2. The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 15, 2012

_____
UNITED STATES MAGISTRATE JUDGE